IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DARLENE H.,[1]

        Plaintiff,                                    Civ. No. 3:17-cv-01672-MC

        v.                                           OPINION AND ORDER

Commissioner of the Social Security
Administration,

        Defendant.
_____

MCSHANE, Judge:

Plaintiff brings this action for judicial review of the Commissioner's decision denying her application for disability insurance benefits ("DIB"). This court has jurisdiction under 42 U.S.C. §§ 405(g).

On April 22, 2014, Plaintiff protectively filed a Title II application for DIB, alleging disability as of January 15, 2012. Tr. 20.[2] On June 6, 2016, Plaintiff appeared at a hearing before an Administrative Law Judge (ALJ) and presented testimony under oath. Tr. 36-62. On August 11, 2016, the ALJ determined Plaintiff was not disabled from January 15, 2012 through the date of that written decision. Tr. 32.

Plaintiff argues the ALJ erred in rejecting her subjective complaints of symptoms and limitations. Because the Commissioner's decision is based on proper legal standards and

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.
[2] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

1 – OPINION AND ORDER

supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

A reviewing court shall affirm the decision of the Commissioner of Social Security if her decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the district court must review the administrative record as a whole, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If the claimant satisfies his burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id*. If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

At step two, the ALJ found that Plaintiff had the following severe impairments: left shoulder bursitis, right shoulder rotator cuff tera, costochondritis, cataracts, and loss of visual acuity. Tr. 22. In formulating Plaintiff's RFC, the ALJ concluded that Plaintiff could perform less-than a full range of medium work. Tr. 24. Specifically, as relevant here, the ALJ determined Plaintiff could: lift, carry, push and pull 50 pounds occasionally and 25 pounds frequently; sit eight hours; stand or walk eight hours total; and reach overhead with both upper extremities frequently. Tr. 24. Based on the vocational expert's ("VE") testimony, the ALJ concluded a person with Plaintiff's RFC could perform past relevant work of nurse aid and light housekeeper. Tr. 31-32.

Plaintiff argues the ALJ erred in finding her testimony as to the extent of her symptoms and limitations less-than fully credible. Plaintiff argues the ALJ erred in not specifying which parts of her testimony were not credible, and in relying on Plaintiff's general character for truthfulness to reject her testimony. As discussed below, I disagree.

"Where, as here, Claimant has presented evidence of an underlying impairment and the government does not argue that there is evidence of malingering, we review the ALJ's rejection of her testimony for 'specific, clear and convincing reasons.'" *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). The ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina*, 674 F.3d at 1112 (quoting *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989)). The ALJ "may consider a

wide range of factors in assessing credibility." *Ghanim*, 763 F.3d at 1163. These factors can include "ordinary techniques of credibility evaluation," *id.*, as well as:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter v. Astrue,* 504 F.3d 1028, 1040 (9th Cir. 2007). The ALJ in this case supported her credibility determination with references to several of the above factors.

The ALJ noted Plaintiff reported she stopped working not because of her symptoms, but because her employer was downsizing and did not have enough hours for her. Tr. 24. Plaintiff acknowledged this fact at her hearing before the ALJ. Tr. 43. That the Plaintiff alleged disability as of the day after her last day of employment, but admits her employment ended for reasons unrelated to her limitations and symptoms, is a legitimate reason for the ALJ to conclude Plaintiff's limitations were not as severe as alleged. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (concluding ALJ did not err in disregarding symptom testimony when evidence supported determination that claimant "left his job because he was laid off, rather than because he was injured[.]").

The ALJ noted Plaintiff injured her shoulder well before her alleged onset date. Tr. 26. At her hearing, Plaintiff stated she tore her rotator cuff in a fall back in 2006. Tr. 53. At the hearing, Plaintiff stated, "I haven't been able to do anything with that arm since that time on a routine basis." Tr. 53. As noted, Plaintiff continued to work for several years after injuring her shoulder, and left her job for reasons unrelated to her alleged symptoms.

Plaintiff also testified to suffering from vertigo. Tr. 52. "I have difficulty with balance almost all of the time, which is when I bend down and stand back up. If I do it too fast, it spins."

The ALJ noted that although Plaintiff alleged disability due to neck and shoulder pain, she presented in September 2014, over two years after her alleged onset date, with increased pain after riding a roller coaster. Tr. 26. It is not unreasonable to conclude, as the ALJ did here, that one with severe neck and shoulder pain, and one suffering from severe vertigo, would not ride a roller coaster.

The ALJ also noted that Plaintiff's symptom testimony was inconsistent with the fact that she cared for her father for several years until he passed away from Alzheimer's. Although Plaintiff argues this care did not require much in the way of physical labor, the ALJ did not err when contrasting this care with Plaintiff's severe alleged limitations, including the Plaintiff's testimony that she can only walk "a block or so maybe" before needing to stop from pain as her hips would give way. Tr. 41. Plaintiff argues the ALJ simply referred generally to the record as a whole in finding her generally less-than fully credible. As demonstrated above, the ALJ pointed to specific instances in the record that contrasted sharply with plaintiff's testimony as to the severity of her symptoms and limitations.

The ALJ did not err in utilizing "ordinary techniques of credibility evaluation" in weighing the validity of Plaintiff's self-reported limitations. *Ghanim*, 763 F.3d at 1163; *Lingenfelter*, 504 F.3d at 1040. Although Plaintiff argues another interpretation of the record is reasonable, that is not a legitimate reason for overturning the ALJ's conclusions. *See Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) ("If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner.") (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996))). Because the ALJ provided "specific, clear and convincing reasons" for finding Plaintiff less-than credible regarding the extent of her limitations, the ALJ did not err in giving little weight to

Plaintiff's testimony. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Smolen*, 80 F.3d at 1282).

## **CONCLUSION**

The ALJ's decision is free of legal error and supported by substantial evidence. The Commissioner's final decision is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 25th day of March, 2019.

                                                               _____/s/ Michael J. McShane_____
                                                                         Michael McShane
                                                                United States District Judge